UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JACKSON GANT,<br><br>Defendant. | Case No: CR 06-00336-003 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO AMEND RESTITUTION ORDER**<br><br>Dkt. 217 |

The parties are presently before the Court on Defendant's pro se Motion to Amend Restitution Order. Dkt. 217  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument.

I.      **BACKGROUND**

On July 5, 2007, Defendant pled guilty to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349.  He was sentenced on February 26, 2008 to 24 months in custody, 3 years of supervised release, a $100 special assessment, and $150,000 restitution. Dkt. 199.  On March 3, 2008, the Court filed the judgment order, setting forth the penalties described above.  Dkt. 203.  Defendant did not appeal the judgment or sentence.  On November 2, 2009, more than 18 months after the final judgment order was entered, Defendant filed the instant motion, asking the Court to reduce his restitution.  Dkt. 217.   He states, "The U.S. Probation set the amount of res[t]itution at $150,000 without taking into consideration that I had 4 codefend[]ants that shared in the a[]mount [of] money that I was [alleged] to have taken. . . . it also was noted that my res[t]itution was sup[p]ose[d] to be determin[ed] by the court dur[]ing the time of sentencing.  My court appointed attorney Mr. James Giller did not as[k]

the court to set my re[t]itution." Id. at 1.  On July 23, 2010, the United States filed an opposition to Defendant's motion, on the ground that the Court does not have jurisdiction to amended Defendant's sentence.  Dkt. 221.

## II.     LEGAL STANDARD

A district court's jurisdiction to alter a criminal sentence is limited to the narrow circumstances prescribed by Federal Rule of Criminal Procedure 35 or by statute.  See United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) (holding that the district court's "inherent authority" to decide motions for reconsideration in criminal proceedings does not apply when there are express statutory or rule provisions limiting such motions).  Authority to impose and to alter restitution orders is governed by 18 U.S.C. § 3664.

Section 3664(o) provides that once a restitution order is imposed, it may be altered only under specific circumstances.  A restitution order may be:

(1) corrected under Rule 35 and 18 U.S.C. § 3742;

(2) appealed and modified under 18 U.S.C. § 3742;

(3) amended under 18 U.S.C. § 3664(d)(5); and

(4) adjusted under 18 U.S.C. §§ 3664(k), 3572, or 3613A.

See Id., at § 3664(o).  As explained more fully below, none of these provisions applies here.

## III.    ANALYSIS

### A.     CORRECTION UNDER RULE 35

Rule 35 permits a defendant, within fourteen days of sentencing, to move the court to "correct a sentence that resulted from arithmetical, technical, or other clear error."  Defendant's motion is not properly brought under Rule 35 for two reasons.  First, the motion is time-barred.  Defendant's fourteen-day window closed more than 18 months before he filed his letter motion.  See United States v. Morales, 328 F.3d 1202, 1204 (9th Cir. 2003) (holding that a district court loses jurisdiction to correct a sentence after the time allotted by Rule 35(a) has passed); United States v. Chan, 319 F.3d 509, 512 (9th Cir. 2003) (same).  Even if the motion was not time barred, Defendant's motion rests on an improper ground.  Rule 35 allows a sentencing court to amend a judgment to correct an "arithmetical, technical, or other clear

error." Fed. R. Crim. P. 35(a).  Here, Defendant asserts that his restitution order must be amended because it does not account for the culpability of his codefendants and because the amount was set by the Probation Office rather than the Court.  The first is a substantive challenge to the order, not the type of clerical error contemplated by Rule 35.  The second contention is not supported by the record.  Dkts. 199, 203 (restitution amount set by the Court).  Accordingly, Defendant's restitution order may not be altered under Rule 35.

### B.   APPEAL AND MODIFICATION UNDER 18 U.S.C. § 3742

The jurisdiction provision of 18 U.S.C. § 3742 is inapplicable here.  Defendant filed a motion to the district court, not a notice of appeal.  In any event, the time to file a notice of appeal has lapsed.  Fed. R. App. P. 4(b)(1)(A) (a defendant's notice of appeal must be filed in the district court within 14 days after the entry of judgment); see also United States v. Henrique, 988 F.2d 85, 86 (9th Cir. 1993) (reinstating district court sentencing jurisdiction after remand on appeal). Therefore, Defendant cannot seek to amended his restitution order under section 3742.

### C.   AMENDMENT UNDER 18 U.S.C. § 3664(D)(5)

Defendant's order is also not subject to amendment under 18 U.S.C. § 3664(d)(5).  Section 3664(d)(5) allows a sentencing court to amend a restitution order if a victim discovers further losses after the entry of judgment.  Defendant makes no such allegation here.

### D.   ADJUSTMENT UNDER 18 U.S.C. §§ 3664(K), 3572, OR 3613A

Section 3664(k) permits a change of restitution upon a showing of "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution."  Defendant makes no such showing of changed circumstances.  He argues only that the restitution amount was not set appropriately in the first instance.  Furthermore, neither 18 U.S.C. §§ 3572 nor 3613A provides jurisdiction to amend Defendant's sentence.  Section 3572 permits adjustment of payment schedules, particularly with regard to balancing a defendant's obligations to pay both fines and restitution where both are ordered.  Section 3613A empowers a sentencing court to take action upon a defendant's default on a restitution obligation.  No finding of default has yet been entered in this case.

As a final matter, while Defendant does not specifically indicate that he is seeking relief under 28 U.S.C. § 2255, nonetheless, complaints concerning restitution orders cannot be addressed under section 2255 proceeding.  See United States v. Thiele, 314 F.3d 399, 401 (9th Cir. 2002) ("§ 2255 is available only to defendants who are in custody and claiming the right to be released.  It cannot be used solely to challenge a restitution order.") (internal quotations omitted).

In sum, Defendant's motion does not fall within the ambit of any statutory provision permitting amendment of his restitution order, and therefore is denied.

## IV.  CONCLUSION

For the above stated reasons, Defendant's Motion to Amend Restitution Order is DENIED.  This Order terminates Docket 217.

IT IS SO ORDERED.

Dated: 11/1/10

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA et al,

        Plaintiff,

 v.

| | |
|---|---|
| 1 | |
| 2 | SHAREEF HASTINGS, TERRI SCOTT, JACKSON GANT, AMANDA DE LA MERCED AND DANIEL ARMSTRONG et al, |
| 3 | |
| 4 | Defendant.                                    / |

Case Number: CR06-00336 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 2, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

**Jackson Gant** (3)
3900 Samos Way
Sacramento, CA 95823

Dated: November 2, 2010

Richard W. Wieking, Clerk

By: LISA R CLARK, Deputy Clerk